UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

In re:                                          )
                                                )
SALVATORE CONTINO and                           )   Case No. 11-24552 HRT
KARYN CONTINO,                                  )
                                                )   Chapter 7
Debtors.                                        )
                                                )

### ORDER ON MOTION REGARDING EXTENSION OF AUTOMATIC STAY

This case comes before the Court on Debtors' *Motion Regarding Extension of Automatic Stay* (docket #10). Debtors seek extension of the automatic stay. Under 11 U.S.C. § 362(c)(3), the automatic stay in this case expires on July 20, 2011, thirty days after filing of the Debtors' chapter 7 petition. Full Circle Design Group ("FCDG") opposes the Motion.

On July 19. 2011, the Court conducted an evidentiary hearing on the Motion. The initial issue is whether the case is presumed to have been filed not in good faith. Under § 362(c)(3)(C), the presumption arises if:

1. more than one prior case was pending within the last year;
2. a previous case was dismissed within the prior year after the debtor failed to
   a. file or amend documents as required by the Code or the Court;
   b. provide court ordered adequate protection; or
   c. perform the terms of a confirmed plan; or
3. there has not been a substantial change in the debtor's personal or financial affairs since the prior case; or any other reason to conclude that the later case will be concluded-
   a. with a chapter 7 discharge; or
   b. a fully performed chapter 11 or 13 plan.

The Court has considered the evidence adduced at trial and concludes that the presumption under § 362(c)(3)(C) does not arise. The Court will briefly address those factors in order.

1. Only one case has been pending in the last year.
2.
   a. The Court cannot find that dismissal of the prior case was precipitated by a failure to file or amend documents as required by the Code or the Court. Debtors did not file a plan during the prior chapter 11 case and that factor was part of the basis for the U.S. Trustee's motion to dismiss or convert the prior case. But the Code provisions applicable to that case established an expiration of the exclusive period for filing a plan, they did not set a

ORDER ON MOTION REGARDING
EXTENSION OF AUTOMATIC STAY
Case No. 11-24552 HRT

        deadline for filing the plan and disclosure and the Court never directed these Debtors to file a plan by a date certain.  Finally, because the prior dismissal was by stipulation, the Court made no findings as to reasons for dismissal.
    b.    The Debtors were never ordered to provide adequate protection.
    c.    The Debtors never operated under a confirmed plan.
3.    The evidence shows that there has been a substantial change in circumstances between the filing of the prior case and the current one.  As to any other reason to believe the case will not be successfully concluded, FCDG raises substantial issues concerning the Debtors' conduct of the prior case and suggests that conduct forms a basis for a denial of discharge action under § 727 in the current case.  But, at this juncture, the Court is unable to find it more likely than not that the Debtors will not receive a chapter 7 discharge in the current case.

Because the presumption does not arise, the Debtors' burden is to prove that their current case has been filed in good faith, as to FCDG, by a preponderance of the evidence.

Debtors sought to prove their good faith primarily through the testimony of Karyn Contino.  However, Mrs. Contino's lack of good faith as to FCDG is palpable.  The moment that the cross examination by FCDG's counsel commenced, Mrs. Contino's demeanor on the witness stand changed for the worse.  She claimed a remarkable lack of memory concerning matters with which she was directly involved.  Simple yes or no questions had to be asked numerous times to elicit an answer to the question that was asked.  The Court found her testimony to be evasive and lacking in credibility.  However, the Court rests its ultimate conclusion on more tangible evidence.

The evidence is that both the prior chapter 11 case and the current chapter 7 case were filed just one day prior to scheduled court proceedings in a Summit County mechanics lien foreclosure action initiated by FCDG.  That fact alone is suggestive of an animus directed at FCDG.

FCDG was not the only creditor engaged in legal action against the Debtors at the commencement of the prior case.  Where a number of legal disputes are ongoing, it is not unusual that a bankruptcy will be filed on the eve of trial or close to it.  Currently, it is very common for cases to be filed on the eve of foreclosure or even on the very day the hammer is to fall.  Without more, the Court will not infer bad faith from a single incident of filing a case on the eve of a significant legal event.  But two times on the eve of trial with the same creditor, at minimum, raises the question of bad faith.  Under the circumstances, it is incumbent on the Debtors to persuade the Court that the timing of those filings was mere coincidence.  In view of the animosity of Karyn Contino toward FCDG that was apparent to the Court during the hearing,

ORDER ON MOTION REGARDING
EXTENSION OF AUTOMATIC STAY
Case No. 11-24552 HRT

the Court finds that the Debtors have failed to persuade it that the two bankruptcy filings on the eve of trials with FCDG are not indicative of bad faith toward FCDG.

Finally, Mrs. Contino freely admitted to the contents of an e-mail from her to Clark Johnson, a contractor, that reads as follows:

> I am filing suit Monday against full circle design for $250,000. If you will agree to testify and encourage the subs, I will pay you ½ of the proceeds past legal fees . . . .

FCDG Exhibit 4.

That evidence alone speaks volumes with respect to Mrs. Contino's lack of good faith toward FCDG. If the hearing record contained nothing more than this e-mail, the Court could not find that the Debtors have proven their good faith.

Debtors' counsel encourages the Court to consider Mr. Contino separately from Mrs. Contino and argues that, even if the Court cannot find that Mrs. Contino filed her case in good faith, the Court should find that Mr. Contino did file his case in good faith. The problem with that argument is that it is not FCDG's burden to prove Mr. Contino's bad faith. Mr. Contino must prove his good faith and he did not provide sufficient evidence from which the Court could make that finding.

Mr. Contino testified that he is not a signatory to the contract with FCDG that formed the basis for its mechanics lien claim. Yet the pleadings from the Summit County proceedings show that Mr. Contino has been a party defendant in that action throughout the proceedings. In Judge Ruckriegle's sanctions order of December 22, 2009, he ordered discovery sanctions in favor of FCDG against both Karyn and Salvatore Contino. Whether or not he signed the contract and whether or not Mr. Contino is the primary actor in the dispute, he is no stranger to it. The Court does not have evidence before it from which it can find that Mr. Contino has acted in good faith with respect to FCDG.

Finally, if the context were different and if this matter had come before the Court on a motion to lift the automatic stay, the motion would be granted without reference to the Debtor's good faith or lack thereof. Litigation in the state court was postured for trial prior to the filing of this action and it is litigation that includes a request for damages as a result of groundless and vexatious litigation. There is authority to the effect that damages awarded under statutes providing for the award of attorney fees upon a finding that a litigant has asserted substantially groundless, substantially frivolous, and substantially vexatious claims are nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). *See, e.g., In re Smith*, 321 B.R. 542 (Bankr. D. Colo. 2005).

ORDER ON MOTION REGARDING
EXTENSION OF AUTOMATIC STAY
Case No. 11-24552 HRT

This is exactly the type of proceeding that bankruptcy courts commonly allow to proceed in state court. Here, all of the pre-trial matters have been handled in the state court up to the date of trial and there is a potential that the findings of the state court may be applicable in a dischargeability proceeding in this Court.

The Court finds that Debtors have not met their burden of proving good faith as to FCDG and that the automatic stay will not be extended as to the Debtors. However, the Court will place some limitation on the proceedings that FCDG may pursue.

Except to the extent that it is necessary to litigate the contract claims to set the predicate for damages under Colorado's attorney fee statute for vexatious litigation, FCDG has no authority to pursue claims against the Debtors that would result in an assessment of damages that are subject to discharge. Also, in the event that FCDG is successful, no enforcement action against the Debtors may take place unless and until this Court makes a finding of nondischargeability.

As a caution to both sides, it is not uncommon to have issues litigated in state court and reduced to judgment in a form where this Court is unable to separate damages awarded pursuant to claims that establish the elements of nondischargeable debts from those damages awarded under dischargeable negligence and contract claims. That happens where a state court judgment reflects liability on a number of different claims – only some of which may establish the elements of a nondischargeable claim – and then reflects a single damage amount without reference to damages found on each individual claim. In those cases, the Court is unable to apply principles of collateral estoppel to either find the presence or absence of a nondischargeable debt and is forced to litigate matters that have already been the subject of extensive proceedings in the state court. The result is duplication of effort for all involved.

Some amount of proceedings in this Court are inevitable. At minimum, FCDG will have to timely file its dischargeability complaint. In the event that FCDG is successful in its vexatious litigation claim in the state court, costs and fees expended in bankruptcy court proceedings would be subject to review by this Court. Nonetheless, it is in both sides' interest to limit duplication of proceedings in this Court by insuring that any judgment rendered in the state court contains enough detail for this Court to distinguish findings made with respect to dischargeable claims from those that may potentially be found to be nondischargeable.

Therefore, it is

**ORDERED** that Debtors' *Motion Regarding Extension of Automatic Stay* (docket #10) is DENIED as to Full Circle Design Group only. It is further

ORDER ON MOTION REGARDING
EXTENSION OF AUTOMATIC STAY
Case No. 11-24552 HRT

  **ORDERED** that is Debtors' *Motion Regarding Extension of Automatic Stay* (docket #10) is GRANTED as to all other creditors.

  Dated this  20th  day of July, 2011.

            **BY THE COURT:**

            _____
            Howard R. Tallman, Chief Judge
            United States Bankruptcy Court